IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JALYHA KYLES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-02822-PX |
| WENDY'S INTERNATIONAL, LLC, *et al.*, | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

Pending before the Court are Defendant Reginald Brown, III's Motion for Leave to File Answer to Complaint (ECF No. 26), Plaintiff Jalyha Kyles' Cross Motion for Default Judgment against Brown (ECF No. 29) and Motion to Amend Complaint (ECF No. 33), Defendant DavCo Restaurants, LLC's Partial Motion to Dismiss the original Complaint (ECF No. 28), and Defendants Wendy's International, LLC and Quality is Our Recipe, LLC (collectively, "Wendy's Defendants") Motion to Dismiss the original Complaint. ECF No. 11. For the following reasons, Kyles' Motion to Amend Complaint (ECF No. 33) is GRANTED in part, Kyles' Cross Motion for Default Judgment against Brown (ECF No. 29) is DENIED as moot, and DavCo's Partial Motion to Dismiss is DENIED as moot. ECF No. 28. The Wendy's Defendants' Motion to Dismiss (ECF No. 11) is DENIED and Brown's Motion for Leave to Answer (ECF No. 26) is GRANTED.

**I.    Background[1]**

Wendy's International, LLC ("Wendy's International") is a parent and affiliate corporation of Quality Is Our Recipe, LLC ("Quality"). ECF No. 33-2 ¶ 10. Quality is a

---

[1] The Court construes the averred facts in the Amended Complaint as true and most favorably to Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (1955)).

franchisor of DavCo Restaurants, LLC ("DavCo"), and DavCo is the operator of 152 Wendy's fast-food franchises in Maryland. *Id.* ¶¶ 8–9. Wendy's #6607, a DavCo-operated store, hired Kyles on August 29, 2016 as a Crew Member to work afternoon and evening shifts. *Id.* ¶¶ 9, 28–29. Kyles was seventeen-years old when she was hired. *Id.* ¶ 28.

After Kyles turned eighteen, she began to work the night shift at the Wendy's store. *Id.* ¶ 30. Defendant Brown, her manager, worked the night shift as well, and was often inebriated on the job. *Id.* ¶¶ 30, 37. Brown would make frequent trips to the parking lot where other employees loitered to smoke cigarettes and marijuana. *Id.* ¶ 37. Brown also engaged in play-fighting with the employees whom he supervised. *Id.* ¶ 32. On September 20, 2016, he grabbed Kyles in front of the other employees and did not release his grip even after she told him to "stop." *Id.* ¶ 33. Wresting herself away from Brown, Kyles suffered bruising on her arm and broke her Medic Alert bracelet. *Id.*

Brown continued to touch Kyles against her will, hugging and tickling her. *Id.* ¶ 36. On October 19, 2016,[2] while Kyles was working the night shift, Brown grabbed Kyles, groped her breast, and digitally penetrated her vagina. *Id.* ¶¶ 40–41. Kyles reported the incident to DavCo the next day. *Id.* ¶ 42. She was given the day off and then placed on two days' administrative leave. *Id.* Kyles declined a transfer to another Wendy's location, and stopped working for Wendy's as of October 27, 2016. *Id.* ¶ 43. Since being victimized by Brown, Kyles has suffered an array of physical and emotional injuries, including exacerbation of her epilepsy and bouts of depression, all requiring medical attention. *Id.* ¶¶ 44–46.

On July 27, 2017, Kyles, through counsel, filed a formal charge with the Maryland

---

[2] The Amended Complaint identifies the date of the incident as October 19, 2018. ECF No. 33-2 ¶ 40. However, given that the incident elsewhere is dated October 19, 2016, the Court construes the reference to "2018" as a scrivener's error. *See, e.g.*, *id.* ¶¶ 45, 64, 78.

Commission on Civil Rights ("MCCR"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶¶ 20–21. Despite Kyles' request that the Wendy's Defendants (Quality and Wendy's International) be named in the charge, MCCR erroneously named and served DavCo only.[3] *Id.* ¶ 23. Upon realizing the Wendy's Defendants were never served with the formal charge, Kyles repeatedly requested that the MCCR amend the charge to name and serve the Wendy's Defendants. ECF Nos. 14-13–14-14, 14-6. The MCCR declined to amend the initial charge and instead issued an "additional charge" on January 16, 2018. ECF No. 14-15. The 2018 charge named Wendy's International and MCCR served this entity with the charge. ECF No. 33-2 ¶¶ 25–26. The January 2018 charge was also cross-filed with the EEOC. *Id.* ¶ 25.

After 180 days passed, Kyles filed this action, naming Brown, Wendy's International, Quality, and DavCo as Defendants. ECF No. 1. In this suit, Kyles alleges that the Defendants discriminated, harassed and retaliated against her on the basis of sex in violation of Title VII and the Maryland statutory equivalent. *Id.* Kyles also brings common law claims of assault, battery, and intentional infliction of emotional distress. ECF Nos. 1, 33-2.

In response to an initial round of motions to dismiss (ECF Nos. 11, 28), Plaintiff moved to amend the Complaint. ECF Nos. 1, 33-2. The Court begins with Kyles' Motion to Amend.

## II. Motion to Amend the Complaint

A plaintiff may amend pleadings only once without leave of court if filed within the time proscribed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a).[4]

---

[3] During the administrative process, copies of the 2017 charge were exchanged between the MCCR and Kyles' attorney listing "NPC Quality Burgers, Inc." and "Wendy's" more generally as the respondent. ECF No. 14-2 ¶ 10. However, the final iteration of the 2017 charge only listed, and was only served upon, DavCo. ECF No. 33-2 ¶ 23.

[4] Rule 15(a)(1) provides, "A party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a

Otherwise, Courts should treat motions for leave to amend liberally, granting leave "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied, however, when allowing amendment would "be prejudicial to the opposing party, when the moving party has acted in bad faith or with a dilatory motive, or when the amendment would be futile." *Arora v. James*, 689 Fed. Appx. 190, 190 (4th Cir. 2017) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)) (internal quotation marks omitted).

The proposed Amended Complaint eliminates the counts seeking to hold the Corporate Defendants vicariously liable for the assault, battery and intentional infliction of emotional distress claims against Brown. The Corporate Defendants do not oppose this amendment, and so the Court grants the motion as to those claims. ECF No. 33; ECF No. 38 at 9; ECF No. 39 at 1. Defendants do object, however, to Kyles adding claims for intentional infliction and negligent infliction of emotional distress against the Corporate Defendants. ECF No. 33 at 13. Defendants argue that because such claims cannot lie against them as a matter of law, amendment should be denied as futile. ECF No. 38 at 9; ECF No. 39 at 1.

A claim is futile when it is "clearly insufficient or frivolous" and thus cannot survive a motion to dismiss. *Whitaker v. Ciena Corp.*, No. RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018). In assessing whether a claim is futile, the Court reviews the claim for sufficiency pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kerrigan v. Bd. of Educ. of Carroll Cty.*, No. JKB-14-3153, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and

---

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). With this standard in mind, the Court considers whether either of the new claims survive challenge.

### A. Intentional Infliction of Emotional Distress (Count IX)[5]

To state a claim for intentional infliction of emotional distress under Maryland law, Kyles must plausibly aver that the Corporate Defendants' intentional or reckless conduct was "extreme and outrageous" which caused Kyles' severe emotional distress. *Thacker v. City of Hyattsville*, 762 A.2d 172, 197 (Md. Ct. Spec. App. 2000). The claim of intentional infliction of emotional distress is reserved for conduct "utterly intolerable in a civilized community." Restatement (Second) of Torts § 46, cmt. d (Am. Law Inst. 1965). In evident recognition of the high bar a claimant must clear to bring this claim, the Maryland Court of Appeals has only upheld an intentional infliction of emotional distress claim on four prior occasions. *Lasater v. Guttmann*, 5 A.3d 79, 90 (Md. Ct. Spec. App. 2010). Accordingly, a plaintiff must allege conduct so severe that "no reasonable [wo]man could be expected to endure" and that has impaired the plaintiff's "ability to function on a daily basis." *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007) (internal quotation marks and citations omitted).

Construing the factual allegations in the Amended Complaint as true and most favorably to Kyles, the claim fails to meet Maryland's high threshold. Kyles avers that the Corporate Defendants knew she was eighteen, that Brown often worked while drunk, and had previously

---

[5] The Amended Complaint also alleges a similar claim against Brown (Count VIII) which has not been challenged.

broken Kyles' Medic Alert bracelet. ECF No. 33-2 ¶¶ 106–07. Because the Corporate Defendants, fully aware of the danger to Kyles, did nothing to stop Brown, the Corporate Defendants recklessly provided Brown the opportunity to violate her physically. *Id.* ¶ 108.

Although the Court is sympathetic to Kyles having endured Brown's sexual assault, these facts do not import to the Corporate Defendants "extreme and outrageous" conduct such that the claim may proceed against them. *Cf. Figueiredo-Torres v. Nickel*, 584 A.2d 69, 77 (Md. 1991) (finding intentional infliction of emotional distress claim survives as to psychologist who engaged in sexual relations with plaintiff's wife during the time he was counseling the couple); *Young v. Hartford Accident & Indem. Co.*, 492 A.2d 1270, 1278 (Md. 1985) (workers' compensation insurer's insistence on psychiatric evaluation for the "sole purpose" of harassing plaintiff to the point that she either drops her claim or commits suicide).

Alternatively, Kyles' alleged injury, while serious, does not amount to the kind of daily debilitation sufficient to sustain in intentional infliction of emotional distress claim. The Court recognizes that Kyles now experiences her epileptic seizures with "unprecedented frequency" alongside "bouts of severe depression;" however, Kyles is also able to work and go to school, and she does not claim to suffer on a daily basis from the aftershock of Brown's attack. ECF No. 33-2 ¶¶ 44–47. In short, Plaintiff has not alleged such extreme conduct that "strike[s] to the very core of one's being, threatening to shatter the frame upon which the emotional fabric is hung." *Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1064 (Md. Ct. Spec. App. 1986). The claim, therefore, fails as a matter of law.

B. **Negligent Infliction of Emotional Distress (Count X)**

With regard to the negligent infliction of emotional distress count against the Corporate Defendants, "it is well settled that Maryland does not recognize an independent tort for negligent

6

infliction of emotional distress." *Knox v. State Farm Fire & Cas. Co.*, No. DKC 2004-2962, 2005 WL 1075388, at *3 (D. Md. May 5, 2005) (citing *Miller v. Bristol-Myers Squibb Co.,* 121 F. Supp. 2d 831, 839 (D. Md. 2000)) (internal quotations omitted). Kyles argues that the Court should view the claim as one for general negligence. ECF No. 40 at 9. However, nothing about the claim as pleaded allows the Court to see it other than how it is titled: "Negligent Infliction of Emotional Distress." ECF No. 33-2 ¶¶ 112–20. Kyles does not plead a negligence claim but instead contends that "[b]y enabling and facilitating Brown's sexual battery on plaintiff's person and placing plaintiff in a position of foreseeable harm, Defendants negligently caused plaintiff extreme and grievous emotional distress." ECF No. 33-2 ¶ 119. Nor can the Court allow Kyles' responsive pleading to amend the cause of action. ECF No. 40 at 9; *see also Mathis v. McDonough*, No. ELH-13-2597, 2014 WL 3894133, at *25 (D. Md. Aug. 7, 2014) (citing *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997)). Kyles' claim remains one asserting negligent infliction of emotional distress and thus fails as a matter of law.[6]

Accordingly, Kyles' Motion to Amend the Complaint is granted to eliminate the vicarious liability common law claims. However, amendment to include the negligent and intentional infliction of emotional distress as to the Corporate Defendants is denied as futile.

### III. Motion to Dismiss Discrimination Claims for Failure to Exhaust (Counts I-VII)

By separate motion, the Wendy's Defendants urge dismissal of the discrimination claims for failure to exhaust administrative remedies. ECF No. 11-1 at 1. Before a plaintiff may pursue such claims in this court, she must file a formal charge with the EEOC or appropriate local agency within 300 days of the discriminatory act. 42 U.S.C. § 2000e-5(e)(1) (2009); Md. Code

---

[6] Because the Court dismisses Counts IX and X for the reasons discussed, the Court does not reach Defendants' alternative argument that the claims are preempted by the Maryland Workers' Compensation Act.

State Gov't § 20-1004(c) (2009). [7] Because Maryland is a deferral state, meaning that it has an Title VII analogous state statute and has its own Fair Employment Practices enforcement agency (the MCCR), "a claim filed before [the MCCR] is effectively filed before both" the MCCR and the EEOC, and a litigant is granted 300 days to file with either agency. *Valderrama v. Honeywell Tech. Sols., Inc.*, 473 F. Supp. 2d 658, 662 n.4 (D. Md. 2007), *aff'd*, 267 Fed. Appx. 256 (4th Cir. 2008) (describing MCCR under its previous name). Once a charge is filed, the agency is responsible for putting the respondent-defendants on notice of the charge within ten days. 29 C.F.R. § 1601.14(a). The agency has 180 days to file suit on behalf of the complainant. 42 U.S.C. § 2000e-5(f)(1). Otherwise the complainant may bring a civil action on her own behalf. *Id.*

The formal charge circumscribes the claims that a plaintiff may pursue in this Court. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). In assessing whether a plaintiff has properly exhausted administrative remedies, courts must "strike a balance between providing notice to employers and the [agency] on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 594 (4th Cir. 2012). While this Court has, in the past, construed motions challenging exhaustion as jurisdictional and subject to review under Rule 12(b)(1), *Young v. Montgomery Cty.*, No. 18-002054-PX, 2019 WL 1596992, at *2 (D. Md. Apr. 15, 2019), the United States Supreme Court recently held that exhaustion is more properly considered a non-jurisdictional, "mandatory claim-processing rule." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851–52 (2019) (abrogating *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297 (4th. Cir. 2009)). With guidance from *Fort Bend*, this Court now reviews questions of exhaustion for sufficiency pursuant to Rule 12(b)(6). *See id.*

---

[7] The exhaustion requirement of MFEPA mirrors that of Title VII claims. *See Marshall v. Anne Arundel Cty.*, No. ELH-18-74, 2019 WL 568676, at *9–10 (D. Md. Feb. 12, 2019).

In ruling on a Rule 12(b)(6) motion, the Court confines its analysis to those facts averred in the Amended Complaint, *see Presley*, 464 F.3d at 483, and generally may not consider extrinsic evidence. *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). However, the Court may consider documents, including administrative charges, attached to a motion if "integral to and explicitly relied on in the complaint." *Id.* at 606–07 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see also Marshall v. Anne Arundel Cty.*, No. ELH-18-74, 2019 WL 568676, *5 (D. Md. Feb. 12, 2019). The parties have attached the administrative charges, and Kyles has submitted correspondence with MCCR reflecting her attempts to amend the charge to include all Wendy's corporate entities potentially liable as joint employers. ECF Nos. 14-2, 14-10, 14-13–14-16. The Court finds these documents are extrinsic but integral to Kyles' Amended Complaint. *See* ECF No. 33-2 ¶¶ 20–26. The Court will consider those documents for purposes of determining whether dismissal is warranted on exhaustion grounds.

At the center of this dispute are the 2017 and 2018 charges originating with the MCCR. ECF No. 32-2. ¶¶ 21, 25. The Wendy's Defendants contend that Kyles failed to exhaust as to Quality because Quality was not named in either charge, and as to Wendy's International because Wendy's International was only named in the 2018 charge.[8] ECF No. 11-1 at 2.

Wendy's International argues that the 2018 charge was untimely by 146 days. ECF No. 11-1 at 3. Although the filing of the separate 2018 charge was untimely, charges that are amended to include a newly named party relate back to the date of the initial charge. Md. Code Regs. 14.03.01.03E(2) (2019) ("A[n] [administrative] complaint may be reasonably amended [to] . . . [j]oin additional respondents [and] . . . [a]ll amendments shall relate back to the original

---

[8] Kyles erroneously states that Wendy's International was named in the 2017 charge. ECF No. 33-2 ¶ 23. However, Wendy's International was not named in, or served with, the 2017 charge. ECF No. 14-10.

9

filing date."); *Templeton v. First Tenn. Bank, N.A.*, No. WDQ-09-3280, 2013 WL 3873180, at *8 (D. Md. July 24, 2013) (finding an amendment of an EEOC charge to add a new party name related back to the original charge).

Wendy's International contends that the MCCR initially barred Kyles from amending the 2017 charge to include Wendy's International because the amendment did not "allege additional acts which constitute unlawful employment practices related to . . . the original charge." ECF No. 19 at 7 (citing 29 C.F.R. § 1601.12(b) (2019)). This argument falls short. The regulation allows employees to "to cure technical . . . omissions . . . or to clarify and amplify allegations [already] made" and provides for the addition of new acts of discrimination to a charge so long as they arise from the "subject matter of the original charge." 29 C.F.R. § 1601.12(b). In contrast to the sole authority that Wendy's cites to this Court, *see Wright v. Kent Cty. Dept. of Soc. Servs.*, No. ELH-12-3593, 2014 WL 301026, at *11 (D. Md. Jan. 24, 2014), the amendment here did not change substantive allegations or attempt to add any new events to the charge. *See* ECF No. 14-15; ECF No. 33-2 ¶ 24–25. Rather, the 2018 charge is identical in substance but simply adds "Wendy's International" as a named party. *See* ECF No. 14-15 (MCCR representative attesting that the 2018 charge relates back to the 2017 charge). Accordingly, the 2018 charge relates back to the 2017 charge, and thus is timely filed. Wendy's International is a proper party.

Quality was not specifically named in either the 2017 or 2018 charge. However, Kyles, evidently recognizing that Quality may be among the network of Wendy's corporate affiliates bearing responsibility as a joint employer, attempted to amend the charge to include Quality. ECF No. 14-2 ¶ 14; ECF 14-13; ECF No. 14-14 ¶¶ 1–5; ECF No. 14-16 ¶ 1; ECF No. 33-2 ¶ 17. For reasons not altogether clear, Quality was not added to the 2018 charge, although the

10

omission was not for Kyles' lack of trying. *See* ECF Nos. 14-2, 14-13–14-14, 14-16. Given the other irregularities in Kyles' administrative process, the Court declines to dismiss the claim as to Quality without the benefit of formal discovery on Kyles' attempts to add Quality as part of the formal charge. Discovery will also assist the Court in determining whether Quality received adequate notice when its parent company, Wendy's International, was served. ECF No. 14-2 ¶ 21. *See Zhang v. Sci. & Tech. Corp.*, 332 F. Supp. 2d 864, 867 (D. Md. 2004) (relaxing the administrative naming requirement based on a "similarity of interests between the named and unnamed parties;" the "ability of the plaintiff to ascertain the unnamed party at the time of the EEOC charge;" the unnamed party's "notice of the EEOC charge;" and "prejudice"). At the close of discovery, Quality is, of course, free to raise the same or similar arguments, best resolved on a more robust factual record.

The motion to dismiss on exhaustion grounds is denied.

**IV.     Motion for Leave to Answer and Cross Motion for Default Judgment**

Brown moved to answer the Complaint out of time (ECF No. 26) and Kyles cross moved for default judgment. ECF No. 29. Because the Court grants Kyles' motion to amend the complaint, the cross motion for default judgment is denied as moot. *See Santander Bank, N.A. v. Gaver*, No. CV RDB-17-00374, 2019 WL 1077386, at *5 (D. Md. Mar. 7, 2019) (an Amended Complaint "renders pending motions for default judgment moot."). Similarly, because the Court has allowed amendment, no prejudice is visited on Kyles by allowing Brown to answer the Amended Complaint. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010) (holding mere delay does not constitute sufficient prejudice). This is especially equitable when considering the strong presumption in favor of deciding cases on the merits. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Accordingly,

pursuant to Rule 15(a)(3), Brown must answer the Amended Complaint within 14 days from the date of this Opinion and accompanying Order.

**V.        Conclusion**

For the forgoing reasons, Kyles' Motion to Amend Complaint (ECF No. 33) is GRANTED however the Court DISMISSES Counts IX and X for failure to state a claim. Kyles' Cross Motion for Default Judgment against Brown (ECF No. 29) is DENIED as moot, and DavCo's Partial Motion to Dismiss is DENIED as moot. ECF No. 28. The Wendy's Defendants' Motion to Dismiss (ECF No. 11) is DENIED. Finally, Brown's Motion for Leave to Answer (ECF No. 26) is GRANTED and he shall have fourteen days from the date of this Opinion and Order to file his Answer.

July 19, 2019_____        \_\_\_\_\_/S/_____
Date                                                                                Paula Xinis
                                                                                    United States District Judge