## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| JALYHA KYLES, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 8:18-cv-02822-PX |
| v. | ) | AMENDED COMPLAINT FOR SEX |
| | ) | DISCRIMINATION |
| WENDY'S INTERNATIONAL, LLC, | ) | AND |
| DAVCO RESTAURANTS, LLC, | ) | AND RELATED |
| QUALITY IS OUR RECIPE, LLC | ) | STATE LAW CLAIMS |
| and | ) | |
| REGINALD BROWN, III | ) | [PROPOSED] |
|     Defendants. | ) | |
| _____ | ) | |

COMES NOW the plaintiff, Jalyha Kyles, and for her complaint for sex discrimination and retaliation against the defendants, Wendy's International, LLC, DavCo Restaurants, LLC, Quality Is Our Recipe, LLC and Reginald Brown III, states:

<u>Introduction</u>

1. This is an action for sex discrimination, including <u>quid pro quo</u> sexual harassment, hostile work environment, and state law claims for sexual assault and battery and intentional infliction of emotional distress, against the individual manager, the managing company, the franchisor company and the international franchise management company operating a Wendy's fast food restaurant in Charlotte Hall, Maryland (St. Mary's County) that employed plaintiff Jalyha Kyles. It arises from events in August - October, 2016, when defendants maintained a hostile work environment at plaintiff's place of work, that despite her opposition escalated on October 19, 2016 when defendants' night manager, Reginald Brown, engaged in sexual battery and molestation of plaintiff, then aged 18 years; all with the

knowledge or acquiescence of the corporate defendants, who failed to maintain effective safeguards, training or supervision of management employee Reginald Brown.

## Subject Matter, Jurisdiction and Venue

2.  This Court has federal jurisdiction over this action under its grant of federal question jurisdiction as set forth at 28 U.S.C. §1331 in that the plaintiff (a) claims employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U. S. C. §2000e-2, et seq., and the equal protection guarantees of the Fifth and Sixth Amendments to the United States Constitution, and (b) brings this action for redress under the provisions of 42 U.S.C. §2000e-5, et seq.

3.  This Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over the state law civil rights claims that arise under Maryland Code, Md. Code. Ann., State Gov't. §§20-101-1203 (Fair Employment Practices Act) and form part of the same case or controversy.

4.  This Court has supplemental jurisdiction under 28 U.S.C. §1367(a)  over the state tort claims for assault and battery, and intentional infliction of emotional distress in this matter in that the state tort and federal statutory claims derive from a common nucleus of operative fact and are so related that they form part of the same case or controversy.

5.  Venue is proper in this District because this is the district (1) where plaintiff and defendant Brown reside and are citizens, (2) where DavCo Restaurants, LLC maintained a place of business, and (3) where the claim arose, i.e., where defendants' actions took place or, in the case of their failures to take action, where their omissions caused harm to plaintiff.

## Parties

2

6.  Plaintiff Jalyha Kyles ("Kyles") is a 19 year old adult resident of Calvert County in the State of Maryland.

7.  Defendant Reginald Brown III ("Brown") is an adult resident of St. Mary's County in the State of Maryland.

8.  Defendant DavCo Restaurants, LLC ("DavCo") is a Delaware corporation that maintained or maintains a place of business in Crofton, Maryland  (Anne Arundel County) and that, at the time of the events herein, operated 152 Wendy's fast food franchises in Maryland throughout the State of Maryland, employing more than 500 individuals.

9.  Upon information and belief, the Wendy's restaurant known as Wendy's Store #6607 that was operated by DavCo in Charlotte Hall, Maryland (St. Mary's County) was franchised by a Wendy's holding company, Quality Is Our Recipe, LLC as franchisor and DavCo as franchisee.   Quality Is Our Recipe, LLC   ("Quality") is a Delaware corporation with headquarters in the State of Ohio.

10. Wendy's International LLC ("Wendy's International") is a Delaware Corporation with headquarters in the State of Ohio. It is an affiliate and parent of QIOR.

11. Upon information and belief, under a management agreement between QIOR and Wendy's International that was binding on the franchisee, DavCo, Wendy's International reserved the right to directly manage aspects of the DavCo franchise operations and franchisee, including for purposes of quality control.

12. Upon information and belief, at the time of the events complained of herein, litigation between Wendy's International and DavCo arising out of Wendy's International's termination of DavCo's Wendy's franchises for failure to conform to Wendy's operational requirements

unrelated to this case was ongoing. Upon information and belief, the litigation was eventually resolved by termination of the existing franchises extended to DavCo, including Wendy's Store #6607 in Maryland.

13. Neither QIOR nor Wendy's International is registered to do business in Maryland.

14. At all times relevant to plaintiff's claims, Reginald Brown III acted as an agent and manager of DavCo.

15. Upon information and belief, at all times relevant to plaintiff's claims, DavCo, QIOR (as franchisor) and Wendy's International (under the management agreement) had supervisory rights and responsibility over DavCo employers and supervisors, including Reginald Brown III.

16. Upon information and belief, DavCo, QIOR (as franchisor) and Wendy's International (under the management agreement) had operational control over DavCo and its employers and supervisors.

17. Upon information and belief, DavCo, QIOR and Wendy's International had or assumed responsibility as joint employers for employment discrimination related policies, training and supervision of management employees of DavCo/Wendy's franchises in Maryland.

Exhaustion of Remedies

18. Plaintiff Jalyha Kyles became employed by the Wendy's fast food restaurant known as Store #6607 located in Charlotte Hall, Maryland, on August 29, 2016.

19. Plaintiff resigned her employment on or about October 27, 2016, after she was assaulted, sexually battered  and molested by Reginald Brown in the late night hours of October 19, 2016.

4

20. Plaintiff, through counsel, first complained of discrimination including sexual harassment and retaliation against DavCo and Wendy's International with the Maryland Commission on Human Relations (MCCR), Maryland's FEPA agency, on April 4, 2017.

21. Charge #1706-0407 against DavCo Restaurants, LLC d/b/a Wendy's Store #6607 issued on or about July 27, 2017 and was cross-filed with the Equal Employment Opportunity Commission as #12F-2017-00631.

22. Charge No. #1706-0407was served on DavCo on or about July 27, 2017.

23. Kyles specifically requested that Wendy's International be named in the charge. Upon information and belief, although Wendy's International was identified in the charging document, only DavCo was served with the charge by MCCR

24. Following initial interviews of plaintiff, plaintiff, through counsel, requested that Wendy's International also be served with the charge as a joint employer. See, Md. Code State Gov't. Art. §20-601(d)(1)(i) and (ii) ("Employer" includes employers and their agents); Butler v. Drive Automotive Industries of America Inc., No. 14-1348; 2015 U.S. App. LEXIS 12188 (4th Cir. 2015) (joint employers under Title VII).

25. MCCR declined to re-serve the original charge but issued a new Charge #1801-0034 on or about January 16, 2018 naming Wendy's International LLC that was cross-filed with the Equal Employment Opportunity Commission as #12F-2018-00260

26. Upon information and belief, Wendy's International LLC was served with Charge #1801-0034 on January 25, 2018.

27. A period of 180 days having passed without any additional action on the part of MCCR or EEOC to investigate or prosecute any of the charges, or to respond to plaintiff's inquiries, plaintiff has instituted this action.

<u>Facts</u>

28. Jalyha Kyles applied to work for and was hired by Wendy's fast food restaurant #6607 in Charlotte Hall, Maryland on August 29, 2016 after graduation from high school in June 2016.  This was her first job, other than volunteer work for her church.  Kyles, then a minor age 17, was enrolled in community college in the fall of 2016 and hoped to help fund her education  by working at Wendy's.

29. Kyles was extended an offer of employment by Kelly Summerville, the on-site manager at the Charlotte Hall Wendy's, as a Crew Member at $8.25/hour.   Initially, Kyles worked the afternoon and evening shift, because minors were not permitted to work the night shift.

30. She proved a competent and dependable employee. After she attained her eighteenth birthday on September 13, 2016, she began to work the night shift from 4:00 until 12:00 p.m. or 1:00 a.m. under the supervision of several night managers, including Reginald Brown III.

31. Kyles worked alongside several other young male and female employees, including female minors.

32. During the evenings when Reginald Brown served as night supervisor, there was often a lot of joking and play fighting which Brown initiated, or in which he participated. This involved physical touching, pummeling and banter, often involving Brown and the female workers. One female employee, who was a minor, appeared to enjoy Brown's attention and flirt with him.

33. On or about September 20, 2016, 2016, Brown began to tease Kyles verbally and grab her arms, restraining her, in the presence of other employees. She objected, telling him "stop" and "don't do that," but he did not release her. She pulled herself free, resulting in the bruising of her arm and breaking of her Medic Alert bracelet, which identified her as epileptic.

34. Brown picked up the bracelet and attempted, unsuccessfully, to repair it.

35. Brown also bragged to the young women about his sexual conquests, stating "I had to buy [a female friend] all this stuff before she would have sex with me."

36. Even after this incident, and her complaint, Mr. Brown kept "hugging" and touching or "tickling" Ms. Kyles when he was in contact with her.

37. During Brown's shifts, employees were allowed leeway to loiter in the parking and smoke cigarettes and marijuana. Upon information and belief, Brown himself worked inebriated on more than one occasion, making trips to and from the parking lot.

38. Upon information and belief, DavCo was aware of Brown's drinking and excessive familiarity with employees and made no response to it.

39. DavCo was aware that Kyles' job in the restaurant would bring her into close contact with Brown, late at night, and that employee areas of the restaurant such as the drive through window and dishwashing area were confined, cramped and isolated from public view as well as the view of any other employees.

40. On the night of October 19, 2018, at closing time, shortly before she was to leave work at midnight, Kyles was working in the area of the drive through window washing dishes. She was wearing an apron over her clothes.

41. Brown approached Kyles from behind and grabbed her arms, pulling her body against him and groping her breast.  He asked if she was a virgin, and  what would she do if he took her virginity.   While holding her, Brown shoved his hand down the front of her pants, and digitally penetrated her vagina. At first immobilized by fear,  Kyles tried to struggle away, broke loose, and exited the premises.

42. The following day, after speaking with family members, Kyles reported the incident to DavCo, first by telephone and then by personal appearance at the management office, where she initiated a complaint through a manager. She was allowed the day off and placed on administrative leave for two days.

43. Kyles was not able to return to work after the incident.  Several days later, she declined a transfer to another Wendy's, and her employment was formally terminated on or about October 27, 2016.

44. Over the ensuing weeks, Kyles, who is epileptic, began to experience an unprecedented frequency of epileptic seizures and bouts of severe depression and other episodes of mental and physical illness. She was unable to maintain her class schedule and left college.

45. Kyles was hospitalized in December 2016 and on multiple occasions in 2017 for depression related to the October 19, 2016 incident.

46. Kyles continues to experience severe medical and mental health consequences related to the incident.

47. Kyles eventually returned to work in 2017 as her health permitted and resumed her studies in May 2018.

COUNT I
(Sex Discrimination - Quid Pro Quo in violation of 42 USC Sec. §2000e-2)

48. Paragraphs 1-47, above, are incorporated by reference as if fully set forth herein.

49. Defendants DavCo, QIOR and Wendy's International are "employers" as defined at 42 U.S.C. §2000e(b).

50. At all times relevant herein, defendant Brown was an employee of DavCo acting as plaintiff's manager.

51. Defendants DavCo, QIOR and Wendy's International acted as joint employers and agents of each other in regard to plaintiff.

52. Defendants' manager, Reginald Brown III, acting with the authority of his position,   at plaintiffs place of employment and during her working hours, engaged in unconsented sexual advances and sexual battery of plaintiff on October 19, 2016, and on other occasions, and made submission to such sexual advances and unconsented sexual touching a term and condition of plaintiff's employment.

53. Defendants subjected Plaintiff   to disparate treatment on account of her female sex in violation of 42 USC §2000e-2 when their manager, Reginald Brown III, engaged in unconsented sexual advances and sexual battery of plaintiff and made submission to such sexual advances and unconsented sexual touching a term and condition of plaintiff's employment.

54. Plaintiff suffered grievous emotional distress, mental anguish, humiliation, fear, upset, indignity, stigmatization, acute and severe depression and long lasting mental and emotional

illness, requiring repeated hospitalizations and therapy, and causing plaintiff to incur medical expenses, as a result of defendants' sex discrimination.

55. Plaintiff was forced to quit her job, drop out of school, and sustained severe economic loss, including lost tuition, earnings and opportunities as a result of defendants' sex discrimination.

COUNT II
(Sex Discrimination - Sexual Harassment in violation of 42 U.S.C. §2000e-2, et seq.)

56. Paragraphs 1-55, above, are incorporated by reference as if fully set forth herein.

57. Defendants subjected Plaintiff  to sexual harassment in violation of 42 U.S.C. §2000e-2, et seq., when their manager, Reginald Brown III, engaged in continuing and severe  unwanted and unconsented physical touching and verbal sexual harassment of plaintiff and other female employees in plaintiff's presence because of their female sex, and culminating in the sexual battery of plaintiff on October 19, 2016.

58. Plaintiff's work place was permeated with discriminatory intimidation that was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive working environment.

59. Defendants'  managers, including but not limited to Reginald Brown III, were aware of the incidents involving Brown's grabbing plaintiff and breaking her Medic Alert bracelet,  and other offensive conduct by Brown, and took no action to prevent or deter additional instances of sexual harassment.

60. Plaintiff is informed and believes that defendants were aware of and explicitly or implicitly authorized, allowed or permitted Reginald Brown III and other employees to engage in inappropriate, offensive and unwanted sexual banter, sexual advances, physical touching and

sexual battery of female employees on multiple occasions, and thereby to maintain a sexually hostile work environment in violation of 42 U.S.C. §2000e-2, et seq..

61. Plaintiff suffered grievous emotional distress, mental anguish, humiliation, fear, upset, indignity, stigmatization, acute and severe depression and long lasting mental and emotional illness, requiring repeated hospitalizations and therapy, and causing plaintiff to incur medical expenses, as a result of defendants' sex discrimination.

62. Plaintiff was forced to quit her job, drop out of school, and sustained severe economic loss, including lost tuition, earnings and opportunities as a result of defendants' sex discrimination.

COUNT III
(Retaliation in Violation of 42 U.S.C. §2000e-3(a))

63. Paragraphs 1-62, above, are incorporated by reference as if fully set forth herein.

64. Defendants' manager, Reginald Brown III, acting with the authority of his position,   at plaintiffs place of employment and during her working hours, escalated his sexual advances toward plaintiff after she opposed and resisted his sexual banter and physical groping on September 20, 2016, culminating in his assault and sexual battery of her on October 19, 2016.

65. The defendants, including Brown, simply ignored, diminished and dismissed plaintiff's distress at the time her Medic Alert bracelet was broken, failed to take any action to prevent further sexual harassment and discrimination  against her, and instead isolated her from other employees and placed her in a vulnerable position on a late night shift alone with Brown that exposed her to further harassment.

11

66. Defendant Brown's escalation of the sexually hostile and abusive work environment and isolation of plaintiff was intentional, overbearing, and in retaliation for her opposition to his sexual comments and conduct.

67. Defendants' conduct amounts to unlawful retaliation for plaintiff's opposition to defendants' unlawful practices in violation of 42 U.S.C. §2000e-3(a).

68. But for defendant Brown's escalation of the sexually hostile and abusive work environment and the corporate defendants' tolerance of the environment and failure to take any action to minimize or prevent harm to plaintiff, plaintiff would have been able to continue to work, would not have been forced to resign or be constructively discharged, and would not have sustained severe and lasting emotional distress, psychiatric injury, medical expenses and continuing loss of opportunities, tuition, earnings and impairment of earning capacity.

COUNT IV
(Sex Discrimination in Violation of Md. Code State Gov't. Art. §20-606(a)(1) and (2))

69. Paragraphs 1-68, above, are incorporated by reference as if fully set forth herein.

70. Defendants DavCo, QIOR and Wendy's International are "employers" within the meaning of Md. Code State Gov't. Art. §20-601(d)(1)(i) and (ii).

71. At all times relevant herein, defendant Brown was an employee of DavCo acting as plaintiff's manager.

72. Defendants DavCo, QIOR and Wendy's International acted as joint employers and agents of each other in regard to plaintiff.

73. Defendants' manager, Reginald Brown III, acting with the authority of his position, at plaintiffs place of employment and during her working hours, engaged in unconsented sexual

advances and sexual battery of plaintiff on October 19, 2016, and on other occasions, and made submission to such sexual advances and unconsented sexual touching a term and condition of plaintiff's employment.

74. Defendants subjected Plaintiff to disparate treatment on account of her female sex in violation of Md. Code State Gov't. Art. §20-606(a)(1) and (2)  when their manager, Reginald Brown III, engaged in unconsented sexual advances and sexual battery of plaintiff and made submission to such sexual advances and unconsented sexual touching a term and condition of plaintiff's employment.

75. Plaintiff suffered grievous emotional distress, mental anguish, humiliation, fear, upset, indignity, stigmatization, acute and severe depression and long lasting mental and emotional illness, requiring repeated hospitalizations and therapy, and causing plaintiff to incur medical expenses, as a result of defendants' sex discrimination.

76. Plaintiff was forced to quit her job, drop out of school, and sustained severe economic loss including lost tuition, earnings and opportunities as a result of defendants' sex discrimination.

COUNT V
(Sex Discrimination-Sexual Harassment in
Violation of Md. Code State Gov't. Art. §20-606(a)(1) and (2))

77. Paragraphs 1-76, above, are incorporated by reference as if fully set forth herein.

78. Defendants subjected Plaintiff  to sexual harassment in violation of Md. Code State Gov't. Art. §20-606(a)(1) and (2) when their manager, Reginald Brown III, engaged in continuing and severe  unwanted and unconsented physical touching and verbal sexual harassment of plaintiff and other female employees in plaintiff's presence because of their female sex, and culminating in the sexual battery of plaintiff on October 19, 2016.

13

79. Plaintiff's work place was permeated with discriminatory intimidation that was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive working environment.

80. Defendants' managers, including but not limited to Reginald Brown III, were aware of the incidents involving Brown's grabbing plaintiff and breaking her Medic Alert bracelet, and other offensive conduct by Brown, and took no action to prevent or deter additional instances of sexual harassment.

81. Plaintiff is informed and believes that defendants were aware of and explicitly or implicitly authorized, allowed or permitted Reginald Brown III and other employees to engage in inappropriate, offensive and unwanted sexual banter, sexual advances, physical touching and sexual battery of female employees on multiple occasions, and thereby to maintain a sexually hostile work environment in violation of Md. Code State Gov't. Art. §20-606(a)(1) and (2).

82. Plaintiff suffered grievous emotional distress, mental anguish, humiliation, fear, upset, indignity, stigmatization, acute and severe depression and long lasting mental and emotional illness, requiring repeated hospitalizations and therapy, and causing plaintiff to incur medical expenses, as a result of defendants' sex discrimination.

83. Plaintiff was forced to quit her job, drop out of school, and sustained severe economic loss including lost tuition, earnings and opportunities as a result of defendants' sex discrimination.

COUNT VI
(Retaliation in Violation of Md. Code State Gov't. Art. §20-606(f) )

84. Paragraphs 1-83, above, are incorporated by reference as if fully set forth herein.

85. Defendants' manager, Reginald Brown III, acting with the authority of his position,   at plaintiffs place of employment and during her working hours, escalated his sexual advances toward plaintiff after she opposed and resisted his sexual banter and physical groping on September 20, 2016, culminating in his assault and sexual battery of her on October 19, 2016.

86. The defendants, including Brown, simply ignored, diminished and dismissed plaintiff's distress at the time her Medic Alert bracelet was broken, failed to take any action to prevent further sexual harassment and discrimination  against her, and instead isolated her from other employees and placed her in a vulnerable position on a late night shift alone with the offending manager that exposed her to further harassment.

87. Defendant Brown's escalation of the sexually hostile and abusive work environment and isolation of plaintiff was intentional, overbearing,  and in retaliation for her opposition to his sexual comments and conduct.

88. Defendants' conduct amounts to unlawful retaliation for plaintiff's opposition to defendants' unlawful practices in violation of Md. Code State Gov't. Art. §20-606(f).

89.  But for defendant Brown's escalation of the sexually hostile and abusive work environment and the corporate defendants' tolerance of the environment and failure to take any action to minimize or prevent harm to plaintiff, plaintiff would have been able to continue to work, would not have been forced to resign or be constructively discharged, and would not have sustained severe and lasting emotional distress, psychiatric injury, medical expenses, lost tuition, and continuing loss of opportunities, earnings and impairment of earning capacity.

COUNT VII
(Common Law Assault and Battery)

90. Paragraphs 1-89, above, are incorporated by reference as if fully set forth herein.

91. Defendant Reginald Brown III, using the authority of his position as manager, at plaintiff's place of employment and during her working hours, engaged in sexual advances and physical and sexual molestation of plaintiff on September 20, 2016 and October 19, 2016 as aforesaid.

92. On September 20, 2016, Defendant's sexual advances and grabbing of plaintiff's arm placed plaintiff in fear of bodily harm and was not consensual, and constituted a battery of plaintiff's person.

93. On October 19, 2016, Defendant's sexual molestation, groping of plaintiff's body, restraint of plaintiff's body to permit him to perform an unwanted sex act,  and penetration of her vagina with his fingers was not consensual, placed plaintiff in abject fear of bodily harm, specifically of being raped, and constituted an invasion and sexual battery of plaintiff's person.

94. Plaintiff suffered grievous emotional distress, mental anguish, humiliation, fear, upset, indignity, stigmatization, acute and severe depression and long lasting mental and emotional illness, requiring repeated hospitalizations and therapy, and causing plaintiff to incur medical expenses, as a result of defendant's sexual battery.

95. Plaintiff was forced to quit her job, drop out of school, and sustained severe economic loss of earnings and opportunities as a result of defendant's sexual battery.

96. Defendant's conduct toward plaintiff, was willful, intentional, malicious, wanton, reckless, outrageous, shocking to the conscience and morals of a just society, and warrants an award of punitive damages.

97. Defendant's conduct caused plaintiff severe and persistent emotional and physical injury, illness and distress, requiring hospitalization and medical expenses; lost tuition; and economic loss of earnings and opportunities, including permanent impairment of earning capacity.

## COUNT VIII
(Intentional Infliction of Emotional Distress - Reginald Brown)

98. Paragraphs 1-97 above, are incorporated by reference as if fully set forth herein.

99. Defendant Brown's non-consensual and malicious sexual molestation and battery of plaintiff was intentional and intended to force plaintiff to submit to his sexual advances.

100. Defendant's conduct toward plaintiff, was willful, intentional, malicious, wanton, reckless, outrageous, shocking to the conscience and morals of a just society, and warrants an award of punitive damages.

101. Defendant's conduct caused plaintiff severe and persistent emotional and physical injury, illness and distress, requiring hospitalization and medical expenses; lost tuition; and economic loss of earnings and opportunities, including permanent impairment of earning capacity.

## COUNT IX
(Intentional Infliction of Emotional Distress - Corporate Defendants)

102. Paragraphs 1-101, above, are incorporated by reference as if fully set forth herein.

103. Defendant Reginald Brown III, using the authority of his position as manager, at plaintiff's place of employment and during her working hours, engaged in sexual advances and physical and sexual molestation of plaintiff on September 20, 2016 and October 19, 2016 as aforesaid.

104. Defendants' managers, including but not limited to Reginald Brown III, were aware of the incidents involving Brown's grabbing plaintiff and breaking her Medic Alert bracelet, and other offensive conduct by Brown, and took no action to prevent or deter additional instances of sexual harassment.

105. Plaintiff is informed and believes that defendants were aware of and explicitly or implicitly authorized, allowed or permitted Reginald Brown III and other employees to engage in inappropriate, offensive and unwanted sexual banter, sexual advances, physical touching and sexual battery of female employees on multiple occasions.

106. The defendants, ignored, diminished and dismissed plaintiff's distress at the time her Medic Alert bracelet was broken in September 2016, failed to take any action to prevent further sexual harassment and discrimination against her, and instead isolated her from other employees and placed her in a vulnerable position on a late night shift alone with Brown that exposed her to further harassment and battery on October 19, 2016.

107. The corporate defendants were aware of plaintiff's age, vulnerability and medical condition of epilepsy, as well as of defendant Brown's misconduct. Defendants'

108. Defendants' tolerance of Brown's conduct and malicious, wanton and reckless failure to maintain basic employment standards such as a safe work environment and prohibition of managers being inebriated at work, permitted and enabled Brown to engage in his sexual

conduct, unwanted advances, and sexual assault and battery of plaintiff's person and placed plaintiff in a position of foreseeable harm.

109. By enabling and facilitating Brown's sexual battery on plaintiff's person and placing plaintiff in a position of foreseeable harm, Defendants intentionally and recklessly caused plaintiff extreme and grievous emotional distress.

110. Defendants' conduct toward plaintiff, was willful, intentional, malicious, wanton, reckless, outrageous, shocking to the conscience and morals of a just society, and warrants an award of punitive damages.

111. Defendants' conduct caused plaintiff severe and persistent emotional and physical injury, illness and distress, requiring hospitalization and medical expenses; lost tuition; and economic loss of earnings and opportunities, including permanent impairment of earning capacity.

## COUNT X
### (Negligent Infliction of Emotional Distress - Corporate Defendants)

112. Paragraphs 1-111, above, are incorporated by reference as if fully set forth herein.

113. Defendant Reginald Brown III, using the authority of his position as manager, at plaintiff's place of employment and during her working hours, engaged in sexual advances and physical and sexual molestation of plaintiff on September 20, 2016 and October 19, 2016 as aforesaid.

114. Defendants' managers, including but not limited to Reginald Brown III, were aware of the incidents involving Brown's grabbing plaintiff and breaking her Medic Alert bracelet, and other offensive conduct by Brown, and took no action to prevent or deter additional instances of sexual harassment.

115. Plaintiff is informed and believes that defendants were aware of and explicitly or implicitly authorized, allowed or permitted Reginald Brown III and other employees to engage in inappropriate, offensive and unwanted sexual banter, sexual advances, physical touching and sexual battery of female employees on multiple occasions.

116. The defendants, ignored, diminished and dismissed plaintiff's distress at the time her Medic Alert bracelet was broken in September 2016, failed to take any action to prevent further sexual harassment and discrimination   against her, and instead isolated her from other employees and placed her in a vulnerable position on a late night shift alone with Brown that exposed her to further harassment and battery on October 19, 2016.

117. The corporate defendants were aware of plaintiff's age, vulnerability and medical condition of epilepsy, as well as of defendant Brown's misconduct.

118. Defendants' tolerance of Brown's conduct and malicious, wanton and reckless failure to maintain basic employment standards such as a safe work environment and prohibition of managers being inebriated at work, permitted and enabled Brown to engage in his sexual conduct, unwanted advances, and sexual assault and battery of plaintiff's person and placed plaintiff in a position of foreseeable harm.

119. By enabling and facilitating Brown's sexual battery on plaintiff's person and placing plaintiff in a position of foreseeable harm, Defendants negligently caused plaintiff extreme and grievous emotional distress.

120. Defendants' conduct caused plaintiff severe and persistent emotional and physical injury, illness and distress, requiring hospitalization and medical expenses; lost tuition; and

economic loss of earnings and opportunities, including permanent impairment of earning capacity.

WHEREFORE, plaintiff prays this Honorable Court,

A. As to each of Counts I, II and III, to award equitable and legal relief against defendants Wendy's International LLC and DavCo, Inc., for defendants' violations of Title VII of the Civil Rights Act of 1964 as amended, as follows:

i. her reasonable medical and health care expenses incurred to date, and such as may be required in the future to treat emotional illness and injury sustained as a result of sex discrimination and harassment;

ii. her lost tuition and earnings, and impairment of earning capacity;

iii. compensation for her severe emotional distress, illness and injury in the amount of One Million Dollars ($1,000,000) or the maximum permitted by law, or as shown by proof;

iv. her attorneys' fees and the costs of this action; and

B. As to each of Counts IV, V and VI, to award equitable and legal relief against all defendants, for defendants' violations of Md. Code State Gov't. Art. §20-606(a)(1) and (2), and Md. Code State Gov't. Art. §20-606(f) as follows:

i. her reasonable medical and health care expenses incurred to date, and such as may be required in the future to treat emotional illness and injury sustained as a result of sex discrimination and harassment;

ii. her lost tuition and earnings, and impairment of earning capacity;

iii. compensation for her severe emotional distress, illness and injury in the amount of One Million Dollars ($1,000,000) or the maximum permitted by law, or as shown by proof;

iv.  her attorneys' fees and the costs of this action; and

C.  As to each of Counts VII and VIII, to award against Reginald Brown, III

i.  compensatory damages in the amount of One Million Dollars ($1,000,000); and

ii.  punitive or exemplary damages in the amount of One Million Dollars ($1,000,000); and

D.  As to each of Counts IX and X, to award against all defendants,

i.  compensatory damages in the amount of One Million Dollars ($1,000,000); and

ii.  punitive or exemplary damages in the amount of One Million Dollars ($1,000,000); and

E. Such other and further relief as to the Court may seem meet and just.


JURY DEMAND

Plaintiff demands trial by Jury as to all Counts.


Respectfully Submitted,

JALYHA KYLES


By Counsel:

*/s/ Anne H. S. Fraser*
Anne H.S. Fraser MD Fed. Bar ID #12796
Anne H.S. Fraser, P.C.
1899 L Street, N.W., Suite 1050
Washington, D.C. 20036
Voice (202) 466-4009
Fax (202)785-5605
*ahsfraser@aol.com*