## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| **JALYHA KYLES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No.:  8:18-cv-02822-PX** |
| | ) |
| **WENDY'S INTERNATIONAL, LLC,** | ) |
| **DAVCO RESTAURANTS, LLC,** | ) |
| **QUALITY IS OUR RECIPE, LLC and** | ) |
| **REGINALD BROWN, III,** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANTS WENDY'S INTERNATIONAL, LLC AND
### QUALITY IS OUR RECIPE, LLC'S ANSWER TO AMENDED COMPLAINT

Defendants Wendy's International, LLC and Quality Is Our Recipe, LLC, (hereinafter the "Wendy's Defendants") submit this Answer to Counts I-VI of Plaintiff Jalyha Kyles' Amended Complaint (ECF No. 43).[1]

1.      Wendy's Defendants admit that Plaintiff has filed her Amended Complaint and that the Amended Complaint speaks for itself.  Except as admitted, Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore deny the same.

2.      Wendy's Defendants admit that this Court has jurisdiction over this matter.  Except as admitted, Wendy's Defendants deny the allegations in paragraph 2 of the Amended Complaint.

3.      Wendy's Defendants admit that this Court has jurisdiction over this matter.  Except as admitted, Wendy's Defendants deny the allegations in paragraph 3 of the Amended Complaint.

---

[1] Counts VII-VIII are asserted only against defendant Reginald Brown.  (*See* Opinion, ECF 41.) The Court dismissed counts IX and X.  (*See Id.*)

4.      Wendy's Defendants admit that this Court has jurisdiction over this matter.  Except as admitted, Wendy's Defendants deny the allegations in paragraph 4 of the Amended Complaint.

5.      Wendy's Defendants admit that venue properly lies in this Court.  Except as admitted, Wendy's Defendants deny the allegations in paragraph 5 of the Amended Complaint.

6.      Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 6 of the Amended Complaint and therefore deny the same.

7.      Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 7 of the Amended Complaint and therefore deny the same.

8.      Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 8 of the Amended Complaint and therefore deny the same.

9.      Wendy's Defendants admit that Quality Is Our Recipe, LLC is a franchisor of Wendy's restaurants and DavCo Restaurants, LLC was a franchisee of Wendy's restaurants. Wendy's Defendants admit that Quality Is Our Recipe, LLC is a Delaware Corporation with headquarters in the State of Ohio.  Except as admitted, Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 9 of the Amended Complaint and therefore deny the same.

10.      Wendy's Defendants admit that Wendy's International, LLC is an indirect parent of Quality Is Our Recipe, LLC and is headquartered in the state of Ohio. Unless otherwise admitted, Wendy's Defendants deny the allegations in paragraph 10 of the Amended Complaint.

11.      Wendy's Defendants deny the allegations in paragraph 11 of the Amended Complaint.

12.      Wendy's Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13.     Wendy's Defendants admit the allegations in paragraph 13 of the Amended Complaint.

14.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 14 of the Amended Complaint and therefore deny the same.

15.     Wendy's Defendants deny the allegations in paragraph 15 of the Amended Complaint.

16.     Wendy's Defendants deny the allegations in paragraph 16 of the Amended Complaint.

17.     Wendy's Defendants deny the allegations in paragraph 17 of the Amended Complaint.

18.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 18 of the Amended Complaint and therefore deny the same.

19.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 19 of the Amended Complaint and therefore deny the same.

20.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 20 of the Amended Complaint and therefore deny the same.

21.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 21 of the Amended Complaint and therefore deny the same.

22.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 22 of the Amended Complaint and therefore deny the same.

23.     Wendy's Defendants deny the allegations in paragraph 23 of the Amended Complaint.

24.     Wendy's Defendants deny the allegations in paragraph 24 of the Amended Complaint.

25.     Wendy's Defendants admits the allegations in paragraph 25 of the Amended Complaint.

26.     Wendy's Defendants deny the allegations in paragraph 26 of the Amended Complaint.

27.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 27 of the Amended Complaint and therefore deny the same.

28.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 28 of the Amended Complaint and therefore deny the same.

29.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 29 of the Amended Complaint and therefore deny the same.

30.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 30 of the Amended Complaint and therefore deny the same.

31.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 31 of the Amended Complaint and therefore deny the same.

32.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 32 of the Amended Complaint and therefore deny the same.

33.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 33 of the Amended Complaint and therefore deny the same.

34.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 34 of the Amended Complaint and therefore deny the same.

5943512v.1

35.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 35 of the Amended Complaint and therefore deny the same.

36.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 36 of the Amended Complaint and therefore deny the same.

37.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 37 of the Amended Complaint and therefore deny the same.

38.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 38 of the Amended Complaint and therefore deny the same.

39.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 39 of the Amended Complaint and therefore deny the same.

40.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 40 of the Amended Complaint and therefore deny the same.

41.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 41 of the Amended Complaint and therefore deny the same.

42.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 42 of the Amended Complaint and therefore deny the same.

43.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 43 of the Amended Complaint and therefore deny the same.

44.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 44 of the Amended Complaint and therefore deny the same.

45.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 45 of the Amended Complaint and therefore deny the same.

46.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 46 of the Amended Complaint and therefore deny the same.

47.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 47 of the Amended Complaint and therefore deny the same.

48.     Wendy's Defendants incorporate and restate the answers contained in paragraphs 1-47 of this Answer.

49.     Wendy's Defendants deny the allegations in paragraph 49 of the Amended Complaint.

50.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 50 of the Amended Complaint and therefore deny the same.

51.     Wendy's Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52.     Wendy's Defendants deny the allegations in paragraph 52 of the Amended Complaint.

53.     Wendy's Defendants deny the allegations in paragraph 53 of the Amended Complaint.

54.     Wendy's Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55.     Wendy's Defendants deny the allegations in paragraph 55 of the Amended Complaint.

56.     Wendy's Defendants incorporate and restate the answers contained in paragraphs 1-55 of this Answer.

5943512v.1

57.     Wendy's Defendants deny the allegations in paragraph 57 of the Amended Complaint.

58.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 58 of the Amended Complaint and therefore deny the same.

59.     Wendy's Defendants deny the allegations in paragraph 59 of the Amended Complaint.

60.     Wendy's Defendants deny the allegations in paragraph 60 of the Amended Complaint.

61.     Wendy's Defendants deny the allegations in paragraph 61 of the Amended Complaint.

62.     Wendy's Defendants deny the allegations in paragraph 62 of the Amended Complaint.

63.     Wendy's Defendants incorporate and restate the answers contained in paragraphs 1-62 of this Answer.

64.     Wendy's Defendants deny the allegations in paragraph 64 of the Amended Complaint.

65.     Wendy's Defendants deny the allegations in paragraph 65 of the Amended Complaint.

66.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 66 of the Complaint and therefore deny the same.

67.     Wendy's Defendants deny the allegations in paragraph 67 of the Amended Complaint.

68.     Wendy's Defendants deny the allegations in paragraph 68 of the Amended Complaint.

69.     Wendy's Defendants incorporate and restate the answers contained in paragraphs 1-68 of this Answer.

70.     Wendy's Defendants deny the allegations in paragraph 70 of the Amended Complaint.

71.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 71 of the Amended Complaint and therefore deny the same.

72.     Wendy's Defendants deny the allegations in paragraph 72 of the Amended Complaint.

73.     Wendy's Defendants deny the allegations in paragraph 73 of the Amended Complaint.

74.     Wendy's Defendants deny the allegations in paragraph 74 of the Amended Complaint.

75.     Wendy's Defendants deny the allegations in paragraph 75 of the Amended Complaint.

76.     Wendy's Defendants deny the allegations in paragraph 76 of the Amended Complaint.

77.     Wendy's Defendants incorporate and restate the answers contained in paragraphs 1-76 of this Answer.

78.     Wendy's Defendants deny the allegations in paragraph 78 of the Amended Complaint.

5943512v.1

79.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 79 of the Complaint and therefore deny the same.

80.     Wendy's Defendants deny the allegations in paragraph 80 of the Amended Complaint.

81.     Wendy's Defendants deny the allegations in paragraph 81 of the Amended Complaint.

82.     Wendy's Defendants deny the allegations in paragraph 82 of the Amended Complaint.

83.     Wendy's Defendants deny the allegations in paragraph 83 of the Amended Complaint.

84.     Wendy's Defendants incorporate and restate the answers contained in paragraphs 1-83 of this Answer.

85.     Wendy's Defendants deny the allegations in paragraph 85 of the Amended Complaint.

86.     Wendy's Defendants deny the allegations in paragraph 86 of the Amended Complaint.

87.     Wendy's Defendants lack sufficient information to admit or deny the allegations contained in paragraph 87 of the Complaint and therefore deny the same.

88.     Wendy's Defendants deny the allegations in paragraph 88 of the Amended Complaint.

89.     Wendy's Defendants deny the allegations in paragraph 89 of the Amended Complaint.

Paragraphs 90-120 of the Amended Complaint assert claims only against individual Defendant Reginald Brown or have been dismissed by the Court. Should the Court require an answer to Paragraphs 90-120 by the Wendy's Defendants, all such allegations are denied.

## PRAYER FOR RELIEF

The remainder of the Amended Complaint contains Plaintiff's prayer for relief which requires neither admission nor denial on the part of Wendy's Defendants. However, to the extent said prayer for relief alleges or implies that Plaintiff is in any way entitled to the relief she seeks from Wendy's Defendants or that Wendy's Defendants violated any law, said allegations and/or implications are expressly denied

## GENERAL DENIAL

Wendy's Defendants deny all allegations in the Amended Complaint, express or implied, that they do not specifically and expressly admit in this Answer, including but not limited to the underlined, unnumbered allegations throughout the Amended Complaint.

## ADDITIONAL DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Wendy's Defendants state the following defenses:

## FIRST DEFENSE

Plaintiff's Complaint should be dismissed to the extent that it fails to state a claim against Wendy's Defendants upon which relief can be granted by this Court.

## SECOND DEFENSE

Some or all of Plaintiff's claims are barred for failure to exhaust administrative remedies because they are not the subject of a timely filed charge of discrimination.

10

## THIRD DEFENSE

All events which occurred more than three hundred (300) days prior to the filing of Plaintiff's charge of employment discrimination with the EEOC are untimely and are not properly assertable in this action; nor is Plaintiff entitled to relief in this action for any events which occurred more than three hundred (300) days prior to the filing of her charge of employment discrimination.

## FOURTH DEFENSE

All events which occurred more than six (6) months prior to the filing of Plaintiff's charge of employment discrimination with the MCCR are untimely and are not properly assertable in this action; nor is Plaintiff entitled to relief under Maryland statutory law in this action for any events which occurred more than six (6) months prior to the filing of her charge of employment discrimination.

## FIFTH DEFENSE

Plaintiff is not entitled to any relief from Wendy's Defendants because Wendy's Defendants were at no time Plaintiff's employers.

## SIXTH DEFENSE

Plaintiff has asserted no facts which would support a claim for punitive damages.

## SEVENTH DEFENSE

To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Wendy's Defendants.

## EIGHT DEFENSE

To the extent Plaintiff's claims are based on timely and untimely conduct, all untimely acts are barred by laches.

11

**NINTH DEFENSE**

Wendy's Defendants aver that this action in whole or in part as asserted against the Wendy's Defendants is frivolous, unreasonable and groundless, and accordingly, Wendy's Defendants are entitled to their attorney's fees and other costs associated with the defense of this action.

**TENTH DEFENSE**

If Wendy's Defendants are found to be employers of Plaintiff, which they were not, to the extent that any representative of Wendy's Defendants committed any unlawful action, which Wendy's Defendants deny, those individuals' actions were committed outside the scope of their employment for which Wendy's Defendants cannot be held responsible.

**ELEVENTH DEFENSE**

Wendy's Defendants deny that they acted with malice or reckless indifference to the rights of Plaintiff.

**TWELFTH DEFENSE**

Plaintiff's claims are barred by the exclusive remedy provision of the Maryland Worker's Compensation law.

**THIRTEENTH DEFENSE**

To the extent Plaintiff is unable to prove that Wendy's Defendants knew or should have known of the alleged discrimination and/or retaliation, she is barred from recovering from Wendy's Defendants.

**FOURTEENTH DEFENSE**

If Wendy's Defendants are found to be employers of Plaintiff, which they were not, to the extent that any representative of Wendy's Defendants committed any unlawful action, which

5943512v.1

Wendy's Defendants deny, Plaintiff's right to recover compensatory and punitive damages in this action are limited by and subject to the provisions of the applicable federal and state laws.

### FIFTEENTH DEFENSE

To the extent that Plaintiff has made allegations in the Amended Complaint or attempts to assert claims which relate to alleged acts of alleged discrimination or retaliation not encompassed within a charge filed with the EEOC, MCCR, or any other appropriate state or local agency, these claims and/or events are not properly before the Court, jurisdictionally or otherwise.

### SIXTEENTH DEFENSE

Some of Plaintiff's claims are barred based on her failure to identify, and/or timely identify, Wendy's Defendants in her administrative charge.

### SEVENTEENTH DEFENSE

Plaintiff's retaliation claims directed at Wendy's Defendants fail as a matter of law because she has not alleged that Wendy's Defendants participated in any adverse employment action.

### EIGHTEENTH DEFENSE

Wendy's Defendants are not vicariously liable or otherwise responsible for the actions of the individual defendant or other parties identified in the Amended Complaint.

### NINETEENTH DEFENSE

Plaintiff cannot establish a claim of hostile work environment under Title VII or the Maryland Fair Employment Practices Act because the conduct alleged in the Amended Complaint is not sufficiently severe or pervasive to support such a claim.

### TWENTIETH DEFENSE

Plaintiff cannot establish a claim of hostile work environment under Title VII or the Maryland Fair Employment Practices Act because she cannot show that the conduct alleged in the

Amended Complaint reasonably interfered with her work performance or created an intimidating, hostile, or offensive work environment.

### TWENTY-FIRST DEFENSE

Plaintiff cannot establish a claim of hostile work environment under Title VII or the Maryland Fair Employment Practices Act because she failed to report the conduct to Wendy's Defendants and therefore cannot show that Wendy's Defendants knew or should have known of the alleged harassment and failed to take effective action to stop it.

### TWENTY-SECOND DEFENSE

Plaintiff cannot establish a claim of hostile work environment under Title VII or the Maryland Fair Employment Practices Act because she cannot establish a causal connection between any protected activity in which she claims to have engaged and any adverse employment action she claims to have suffered.

### TWENTY-THIRD DEFENSE

Plaintiff's claims and request for relief are barred, in whole or in part, because Wendy's Defendants at all times acted in good faith and without malice or intent to cause any harm to Plaintiff.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims and request for relief are barred, in whole or in part, because Wendy's Defendants did not engage in conduct that was extreme and outrageous and/or intentional or reckless.

### TWENTY-FIFTH DEFENSE

Any action taken by Wendy's Defendants deemed violative of any law was not willful.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims and request for relief are barred, in whole or in part, because Plaintiff did not suffer any damages caused by or attributable to any wrongful conduct by Wendy's Defendants.

## RESERVATION OF DEFENSES

Wendy's Defendants reserves the right to assert such defenses as may become apparent during the course of discovery.

WHEREFORE, Defendants Wendy's International, LLC and Quality Is Our Recipe, LLC respectfully pray that the Court enter a judgment providing that:

1.      The Complaint in this action be dismissed with prejudice in its entirety as to Wendy's Defendants;

2.      Plaintiff be denied any of the relief requested in its Complaint as to Wendy's Defendants;

3.      Wendy's Defendants be awarded their costs incurred in the defense of this action, including its reasonable attorneys' fees; and

4.      Wendy's Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated: August 2, 2019.

Respectfully submitted,

/s/ Jason D. Friedman
Jason D. Friedman, Esquire (MD 18898)
jfriedman@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, VA 22033
571-522-6116
571-522-6101 (fax)

15

5943512v.1

ATTORNEYS FOR DEFENDANTS WENDY'S
INTERNATIONAL, LLC and QUALITY IS OUR
RECIPE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019, a copy of DEFENDANTS WENDY'S
INTERNATIONAL, LLC AND QUALITY IS OUR RECIPE, LLC'S **ANSWER TO
AMENDED COMPLAINT** was served electronically via the Court's CM/ECF system upon all
parties of record.

/s/ Jason D. Friedman
Jason D. Friedman, Esquire (MD 18898)
jfriedman@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, VA 22033
571-522-6116
571-522-6101 (fax)

ATTORNEYS FOR DEFENDANTS WENDY'S
INTERNATIONAL, LLC and QUALITY IS OUR
RECIPE, LLC

16

5943512v.1